PONDER, Judge.
Appellant has appealed from a Civil Service Commission decision that dismissed his appeal from actions taken by his employer, Charity Hospital of Louisiana at New Orleans. The issue is the propriety of the Commission’s dismissal on a Motion for Summary Disposition.
We affirm.
The Department of Civil Service received on January 10, 1977 a letter dated January 7 from appellant’s counsel. The pertinent portion reads as follows:
“On behalf of Mr. Merlin Brisset, Hospital Executive Housekeeper, Charity Hospital, New Orleans, Louisiana, we hereby file a Notice of Appeal, pursuant to Civil Service Rule 13.111, et al. Specifically, Mr. Brisset appeals from the third step hearing/decision in the grievances of Mr. Merlin Brisset held November 17, 1976, decision rendered December 7, 1976 (copy of decision attached hereto and marked Exhibit I). The decision covered three matters. The first two were ruled in favor of Mr. Brisset. The third contained in paragraph three of the decision is hereby appealed from for the reasons contained in the attached grievance form signed by Mr. Brisset dated December 20, 1976 and marked Exhibit II herein.
Mr. Brisset seeks removal of the suspension letter and any and all other letters in reference to this disciplinary action and a reversal of the decision rendered on December 7, 1976, in which it was held that the letter of warning to Mr. Brisset dated October 26, 1976, would ‘remain in file’.”
Attached were the report of a grievance hearing dated December 7, 1976 as Exhibit I and a lengthy “Proposal-Grievance Form” dated December 20, 1976 as Exhibit II. The statement contained a list of six grievances, only the first of which is relevant here. “1) On Monday December 12, 1976 I accepted from Mr. Donald Frazier an unjust suspension of three (3) days with loss of pay.” The relief sought was “1) Recend (sic) three (3) day suspension. 2) Full restoration of wages. 3) Removal of this suspension letter and any other letters in reference to this disciplinary action. 4) The right to be respected as a Department Head and the chain of command to be followed. 5) And a stop to this constant harassment tatics (sic) Mr. Frazier is applying.”
This appointing authority filed a motion for summary disposition of appeal alleging that the appeal was not timely. Plaintiff’s counsel thereafter filed an amended notice of appeal complaining of constant intimidation after the original appeal. This letter also contained the following paragraph:
*1038 “Mr. Brisset again seeks removal of the suspension letter and any and all other letters in reference to this disciplinary action and a reversal of the decision rendered on December 7, 1976. Mr. Brisset requests that this relief sought be made whole. Mr. Brisset further requests that the intimidation he is presently receiving and has received by Mr. Donald Frazier and others be immediately ceased. Mr. Brisset also requests removal of all documents of the attached disciplinary action from his personal file.”
Thereafter the appointing authority filed a supplemental and amending motion for summary disposition of appeal, repeating and expanding on the claim the appeal was not timely, and adding that the Commission was without jurisdiction and that insofar as the appeal referred to “any other matter asserted to form a basis of the appeal” the letter did not satisfy the Civil Service Rule requiring a clear and concise statement of the action complained of.
The Commission dismissed the appeal saying that the action complained of should have been the action of October 26, 1976, but that even if it were the report of December 7, 1976, the appeal was still not timely. It referred to the Grievance Form dated December 20, 1976 as follows:
“As basis for the appeal, reference is made to the reasons contained in the attached grievance form signed by Mr. Brisset and reference to the grievance statement indicates that Mr. Brisset is aggrieved by an ‘unjust suspension’ of three days with loss of pay, by a great amount of humiliation to which he evidently has been subjected and, further, that he is aggrieved by a new hospital policy that requires that employees to be disciplined shall receive the original copy of the disciplinary action.”
In the Application for Appeal and in brief to this court, appellant contends that the appeal was based on two grounds: the decision of December 7,1976 and the three days suspension of December 13, 1976. By brief, appellant concedes his appeal was not timely as to the December 7 report but reurges that the appeal of the December 13 suspension was timely.
Rule 13.11 of the Civil Service Commission provides that
“A notice of appeal must
******
“(d) Contain a clear and concise statement of the actions complained against and a clear and concise statement of the basis of the appeal. Where discrimination is alleged to be a basis for appeal, specific facts supporting the conclusion of discrimination must be alleged in detail; . . .”
We find that the Notice of Appeal, if it were intended to be an appeal from December 13 suspension did not meet the above provisions. The reference to “removal of the suspension letter and any and all other letters in reference to this disciplinary action” is not identified as to date and indeed is contained in the same paragraph complaining of the decision rendered on December 7, 1976. The reference to the attached grievance form is in another paragraph which speaks of it as containing the reasons for appealing the adverse decision in the December 7 report.
Because of this we believe, as did the Commission, that the only appeal in a “clear and concise statement” was from the December 7, 1976 report.
We therefore affirm at appellant’s costs.
AFFIRMED.